UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIKA BLOOMQUIST,

Plaintiffs,

vs. Case No. ________________________

OTEGRITY, INC.,
ALEC BROPHY,
Defendants.
______________________________________/

# COMPLAINT

Plaintiff, ERIKA BLOOMQUIST ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, OTEGRITY, INC. and ALEC BROPHY as joint employers (collectively "Defendants"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff and other similarly situated employees for damages and attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA") to recover unpaid minimum wage and/or overtime compensation, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs under the FLSA.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b).

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant OTEGRITY, INC. is a Florida Profit Corporation having its main place of business in Hillsborough County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant ALEC BROPHY is a corporate officer of and exercised operational control over the activities of Corporate Limited Liability Company Defendant, OTEGRITY, INC.

6. Venue is proper in Hillsborough County because all of the actions that form the basis of this Complaint occurred within Hillsborough County.

7. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above, together with attorneys' fees, costs, and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9. Plaintiff performed work for Defendants as an employee from March 1, 2024, through June 10, 2024.

10. Defendants failed to pay Plaintiff any wages for straight time or overtime pay for any hours above forty weekly.

11. Defendants intentionally failed to pay Plaintiff straight time and minimum wages for all hours worked.

12. Defendants owe Plaintiff straight time and overtime for all hours worked more than forty weekly.

13. Plaintiff worked an average of 55 hours weekly without overtime compensation paid by Defendants.

14. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement that Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by and not in violation of the laws of the United States and the State of Florida.

15. Defendants promised Plaintiff they would pay for work completed and failed to pay Plaintiff for the work completed.

16. Plaintiff complained about not getting paid for her wages to Defendant through its management, and Defendant terminated Plaintiff's employment with Defendants in retaliation for the request for proper overtime and straight-time pay.

17. Plaintiff has retained the undersigned counsel so that her rights and interests may be protected. The Plaintiff has thus become obligated to pay the undersigned a reasonable attorney's fee.

**<u>COUNT I</u>**

***Wage & Hour Federal Statutory Violation Against*** OTEGRITY, INC.

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

19. This action is brought by Plaintiff to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

20. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

21. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

22. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

23. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

24. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire to the date of the filing of this complaint.

25. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

26. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

27. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

F. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

H. Plaintiff requests a trial by jury.

## COUNT II
***Wage & Hour Federal Statutory Violation Against***
ALEC BROPHY

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

29. At the times mentioned, Defendant ALEC BROPHY was, and is now, a corporate officer of corporate Defendant, OTEGRITY, INC. and had operational control of the business.

30. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

31. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

32. Defendant willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

H. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

I. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

J. Award Plaintiff an equal amount in double damages/liquidated damages; and

K. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

L. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT III
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF PLAINITFF PURSUANT TO 29 U.S.C. 215(A)(3)

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

34. This action arises under the laws of the United States.

35. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

36. 29 U.S.C. § 207 (a) (1) states, "…if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

37. The plaintiff complained to her manager about unpaid overtime and was fired shortly thereafter in retaliation for the complaint.

38. The motivating factor that caused Plaintiff's termination was the complaint of hours worked and seeking overtime wages. In other words, the Plaintiff would not have been terminated but for the complaint of hours worked and seeking overtime wages.

39. Defendants' retaliatory termination of Plaintiff was in direct violation of 29 U.S.C. 215 (A)(3) and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Enter judgment against the Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorney's fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Defendant from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages until Plaintiff becomes 65 years of age as well as all other damages recoverable by law 29 U.S.C. 216(b).

C. Plaintiff demands a trial by jury as to each count of this complaint.

**JURY DEMAND**

Plaintiff, and those similarly-situated, demand trial by jury of all issues triable as of right by jury.

Date: September 23, 2026

Respectfully submitted,

/s/ Jason S. Remer
**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgph.law
**REMER, GEORGES-PIERRE & HOOGERWOERD PLLC**
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
Telephone: (305) 416-5000